## IMMEL *v.* STATE

[No. 277, September Term, 1961.]

*Decided May 10, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Walter M. Baker* for the appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *J. Albert Roney, Jr., State's Attorney for Cecil County,* on the brief, for the appellee.

PER CURIAM.

The sole question herein involved is a narrow one: Did the evidence offered at the trial below establish that the appellant obtained from the National Bank of Rising Sun (Bank) "any chattel, money or valuable security" within the meaning of Code (1961 Cum. Supp.), Article 27, Section 140?

There is no dispute concerning the facts. Appellant was convicted under four counts of an indictment, which charged four different offenses. As a result of certain false pretenses of past or existing facts made by appellant, the Bank credited his account in said Bank with four "deposits." However, the State failed to show that the appellant ever drew upon any of said deposits, that the Bank ever actually parted with the title or possession of anything of value, or that it suffered any loss.

A bank owns the money deposited with it, subject to the right of the depositors to draw upon it. *Keller v. Frederickstown Sav. Inst.,* 193 Md. 292, 66 A. 2d 924; *Horwitz v. Ellinger,* 31 Md. 492. In order to obtain a conviction in this case, it was necessary that it be shown that the false representations induced a transfer and the obtaining of the "chattel, money or valuable security" by the appellant. *Willis v. State,* 205 Md. 118, 106 A. 2d 85; *Simmons v. State,* 165 Md. 155, 167 A. 60; 35 C.J.S. *False Pretenses,* § 24. We hold that the mere showing of the obtaining of the credits to appellant's bank account, standing alone, is insufficient to support a conviction of obtaining "any chattel, money or valuable security," with intent to defraud, *Maxey v. State,* 85 Ark. 499. Cf. *Willis v. State, Simmons v. State,* and 35 C.J.S., *False Pretenses,* § 24, all *supra.*

The Assistant Attorney General, with commendable candor, stated that, in his opinion, the evidence was insufficient to

support the conviction, but felt that the question should be submitted for our decision.

*Judgment reversed and case remanded for a new trial; the costs to be paid by the county commissioners of Cecil County.*