FLANNIGAN *v.* STATE

[No. 292, September Term, 1962.]

14

*Decided June 14, 1963.*

The cause was submitted to Brune, C. J., and Hammond, Prescott, Marbury and Sybert, JJ.

Submitted on brief by *Charles T. LeViness* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Gerard Wm. Wittstadt, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Russell J. White, Assistant State's Attorney,* for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

After conviction and sentence on the third and fourth counts of a four-count indictment, appellant noted this appeal.

The only question involved is whether the evidence adduced was sufficient to support a finding of guilt on either, or both, of said counts?

On May 4, 1962, appellant Flannigan presented a check to one Mehn, who was the manager of "Franz' Food Market," and requested him to cash it. The check was dated May 2nd, was made payable to a certain Wade J. Shaver for the sum of $57.00, and purportedly was drawn by "Town and Country Construction Company of Baltimore" on the Union Trust Company. It was endorsed on the back with the name of Wade J. Shaver, but the record fails to disclose who, in reality, drew the check or who endorsed the same. Mehn cashed it as requested, and shortly thereafter he was notified that the "account [had been] closed."

The police were notified and several weeks later the appellant was arrested. He admitted to them that he had cashed the check, but stated that he had found it in the men's room where he worked and had written nothing thereon.

The third count charged a violation of Code (1962 Cum. Supp.), Article 27, § 142 (The Worthless Check Act). Appellant contends that this count charged him with having obtained $57.00 "of the goods, chattels and properties of the said Vernon H. Mehn" by means of the worthless check, when actually, the money given to him in exchange for the check belonged to Jacob Franz, the owner of the food market. He comes to this conclusion because Mehn failed to testify the money belonged to him; he was acting in his capacity as man-

ager when the check was cashed; he stated that he went back and got the money to cash the check, indicating that he went to the place where he kept the food market's money; and last, but not least, the only name on the back of the check in addition to Wade J. Shaver, the payee, was Jacob Franz, the owner of the market. The evidence, we think, supports this conclusion of the appellant.

From this point, he argues that if Franz were the true owner of the money used to cash the check when the indictment laid the ownership in Mehn, then there was a fatal variance between the *allegata* and *probata,* and his motion for a judgment of acquittal should have been granted. Maryland Rule 755. The State counters by stating that if there were any variance at all, it was an immaterial one, and, in addition, the evidence was sufficient to support a finding that the appellant endorsed the check.

The trial judge did not state the reasons for his findings of guilt, so we do not have the benefit of knowing how he arrived at his conclusions; but we are unable to agree with either of the above arguments of the State.

There can be little doubt that in this State the ownership of the property claimed to have been obtained by false pretenses is a necessary allegation in an indictment charging that offense. *State v. Blizzard,* 70 Md. 385, 17 A. 270; *Armacost v. State,* 133 Md. 289, 105 A. 147. Cf. *Simmons v. State,* 165 Md. 155, 167 A. 60; *State v. Petrushansky,* 183 Md. 67, 36 A. 2d 533. Hence, any failure of the State to prove the ownership as laid in such an indictment could not be said to be immaterial. However, we have held in a prosecution for larceny that an allegation of the ownership of stolen goods is supported by proof of any legal interest, or special property, in the goods, as, for instance, where the person named in the indictment is in lawful possession as a bailee or common carrier. *Richardson v. State,* 221 Md. 85, 88, 156 A. 2d 436. And we think that reason and authority support a similar holding with reference to false pretenses. 22 Am. Jur., *False Pretenses,* § 92; 35 C.J.S., *False Pretenses,* § 44 b. Cf. *State v. Blizzard, supra,* wherein this Court stated that it was no less

requisite in false pretense indictments to allege the ownership of the property obtained than for such averments in indictments for larceny. In the instant case, Mehn was in lawful possession of the money used to cash the check, and, as manager of the market, he clearly had a legal interest therein; hence we hold that in the proof of ownership herein there was no fatal variance. And there was no sufficient evidence, as we indicated above, to support the State's claim that appellant endorsed the check (a claim that is immaterial insofar as the result of our decision herein is concerned). In fact, he was found not guilty of forgery.

The appellant further contends "the element of *intent* to defraud is missing." We find it unnecessary to quote from Article 27, § 142, or to set forth our previous holdings with reference thereto at any great length. There are unquestionably important differences between prosecutions under § 142 (Worthless Check Act) and § 140 (False Pretense Act). Due to the great difficulty, at times, of affirmatively proving *actual* intent to defraud after property of another had been obtained by means of a worthless check, the Legislature, in its wisdom, enacted § 142. This section, when the obtention of another's property has been achieved by means of a check for which the drawer has not provided for its payment (and the same shall not be paid upon presentation), raises a *prima facie* presumption of an intention to defraud. This presumption may be rebutted, but it is incumbent upon the accused to overcome the same and to satisfy the judge or jury (whichever is the trier of fact) that there was no actual intent to defraud, *Willis v. State,* 205 Md. 118, 106 A. 2d 85. See also *Lyman v. State,* 136 Md. 40, 109 A. 548; *Marr v. State,* 227 Md. 510, 177 A. 2d 862. In the case at bar, there was no attempt made to combat the presumption. As soon as the State proved that the defendant cashed the check and it had been dishonored (and the ten days allowed by the statute to make restitution had expired), the presumption arose. The defense offered no witnesses, and made no effort in cross-examining those presented by the State to offset the effect of the presumption. The evidence produced not only permitted, but impelled, a finding of guilt on the third count.

The fourth count charged a violation of Article 27, § 140 (False Pretenses Act). The offense herein involved consisted of a single episode: the giving of one worthless check with intent to cheat and defraud, thereby obtaining another's property. However, appellant was found guilty of violating both § 140 and § 142.

We recently had occasion to state the circumstances under which one criminal act may violate two statutes. *Veney v. State,* 227 Md. 608, 177 A. 2d 883. We quoted from Judge Soper's opinion in *Aaronson v. United States,* 175 F. 2d 41 (C. A., 4), as follows: "A single transaction may be an offense against two statutes if each statute requires proof of a fact which the other does not." Applying that test to the instant case, it is readily observed that a conviction under § 142 requires "proof of a fact" (a worthless check) that § 140 does not necessarily require. However, a conviction under § 140, when a bad check is involved, does not require "proof of a fact" that is not essential to sustain a conviction under § 142. Hence, we hold that appellant should not have been convicted on the fourth count. A holding to the contrary would mean that, when a worthless check is involved, a defendant could be subjected to a double sentence by the simple expedient of finding him guilty under both sections, even though but a single check was involved.

In this case, a sentence of two years was imposed. When the value of the property obtained is under the value of $100 in a conviction under § 142, the maximum penalty is a $50 fine and eighteen months' confinement. We shall, therefore, remand the case for the imposition of a proper sentence under the conviction on the third count.

> *Case remanded without affirmance or reversal of the judgment to the end that the conviction on the fourth count may be stricken out, and a sentence imposed upon the conviction on the third count not to exceed the maximum permitted by law.*