## MAKI *v.* STATE

[No. 341, September Term, 1964.]

*Decided June 25, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, HORNEY, MARBURY and BARNES, JJ.

*Robert Anthony Jacques* for appellant.

*David T. Mason, Assistant Attorney General,* with whom

were *Thomas B. Finan, Attorney General,* and *Leonard T. Kardy* and *Charles W. Foster, State's Attorney* and *Assistant State's Attorney,* respectively, *for Montgomery County,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The defendant (Donald L. Maki), having been convicted by a jury of obtaining services and money by means of a bad check in violation of Code (1964 Cum. Supp.), Art. 27, § 142, contends on appeal that the lower court erred in not granting his motion for a judgment of acquittal.

Although the defendant was charged in the warrant on which he was tried with having obtained services amounting to $7.73 and money in the amount of $7.27 from a gasoline service station (Frank and Jerry's) in exchange for a worthless check for $15 dated January 26, 1964, the record shows that he also gave the service station another check for $12 on the same day. Both checks were drawn on the Suburban Trust Company. The $15 check was not paid upon presentation, but it is not clear whether the $12 check was ever presented for payment. The State elected to prosecute the defendant on the $15 check and ignored the $12 one. At the trial, the station attendant was unable to say which check he accepted in payment of the services and money obtained. Nor could he recall how much change he had given the defendant after deducting $7.73 for the services rendered. The arresting officer, however, testified that when he showed the defendant the $15 check, he stated that he had written and signed it and that he received *some cash and the rest in services* but could not recall the exact amount of cash he received. He also told the officer that he had intended to make the check good.

The bank records showed that at least twenty checks drawn by the defendant on his account with the trust company were presented for payment between January 9th and 22nd but were returned unpaid because there were no funds in the already overdrawn account. On January 23rd, the overdraft was charged off, the account was closed and the defendant was promptly notified of that fact. So far as the record discloses, no funds were

deposited with the drawee bank to meet the $15 check. The defendant disputed the date on which the account was actually closed and the date he actually received notice thereof, but the arresting officer testified that the defendant had told him that he knew he did not have any money in the bank to cover the check he was charged with unlawfully issuing.

At the request of defense counsel, the lower court advised the jury to the effect that it had to find as a fact in order to convict the defendant under the warrant, that the check used to perpetrate the false pretense was the one for $15 dated January 26, 1964.

Specifically, counsel for the defendant has assigned three reasons why (in his opinion) the lower court erred in refusing to grant the motion for a judgment of acquittal: (1) the State did not prove that the defendant knowingly issued a worthless check; (2) the State did not prove which particular worthless check was used to defraud the service station of the services and money obtained; and (3) the State failed to show that the defendant had made no effort to deposit sufficient funds to meet the check in question. All are without merit.

The first reason—that the defendant had not knowingly issued a worthless check—was refuted by his statement to the arresting officer acknowledging that he had issued the $15 check without having funds in the bank to cover it. Likewise, the second reason—that it was not shown which check was used to obtain the services and money—was refuted by the statement of the defendant that he had received some cash and the balance in services when he was shown the $15 check by the officer. These admissions, together with the other testimony produced by the State to the effect that the bank account had been overdrawn since January 9th; that the overdraft had been charged off and the account closed on January 23rd; that he had been given immediate notice of these transactions; and that he had deposited no funds within ten days after January 26th to cover the $15 check, were sufficient evidence for the jury to find the defendant guilty even though the defendant had also told the officer that he intended to make the check good. The statute (§ 142 of Art. 27) provides that the giving of a worthless check shall be prima facie evidence of intent to

defraud unless funds are deposited with the drawee bank within ten days, and this was not done. A mere intent to make the check good, absent the deposit of funds for that purpose, would not rebut the presumption. See *Flannigan v. State,* 232 Md. 13, 18, 191 A. 2d 591 (1963); *Willis v. State,* 205 Md. 118, 124, 106 A. 2d 85 (1954).

As to the third reason—that it was incumbent upon the State to show that the defendant had made no effort to make the check good—it is clear that it was the duty of the defendant to show that he had been exonerated from prosecution by proving that he had deposited funds to meet the check within ten days. See *Joyce on Indictments* (2nd ed.), § 319, where it is said that exceptions in a statute creating an offense are "to be regarded as matters of defense which the defendant must prove to withdraw himself from the operation of the statute." When the check in question was not paid on presentation, the rebuttable presumption of an intent to defraud thereby raised cast upon the accused the obligation of showing, if he could, that he had no actual intent to defraud. *Flannigan v. State, supra.* He made no effort to do so.

For the reasons herein stated, the judgment of the lower court will be affirmed.

*Judgment affirmed.*