## CHARLES CASHDAN v. WARDEN, DEPARTMENT OF CORRECTION

[No. 79, September Term, 1968.]

*Decided November 15, 1968.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

On 12 April 1967 in the Circuit Court for Prince George's County the applicant was charged with two offenses of obtaining money from Ada Green by a false pretense—in criminal trials No. 6292 with obtaining $885 and in criminal trials No. 7042 with obtaining $499. He was arraigned on 20 April and appearance of counsel for him was entered in open court. He moved for a Bill of Particulars on 21 April and an answer to the motion was filed on 4 May. He petitioned for and was

granted a continuance on 12 June. On 28 August he pleaded guilty to case No. 7042 and the plea was accepted. A pre-sentence investigation report was ordered. Case No. 6292 was placed on the stet docket. On 27 October there was filed a document in proper person entitled "Appeal—To: Change of Plea; Appeal To: Continue or Set New Bond," requesting that he be allowed to withdraw his plea of guilty. With regard to the withdrawal of his plea he gave as the reasons "because: I was ill advised, under hypertension, sick with emotional strain, spastic-colitus, and kidney stones. I am under three physicians care." He also alleged that immediately before trial restitution of $1000 had been made and thereafter another $770 had been paid, the total being the entire amount claimed to have been obtained. He then said, "Naturally I was laboring under certain impressions, but now, being put in jail makes me apprehensive as to the wisdom of my plea, and the legality of the promised exchange of money. Therefore I ask the court to vacate my plea of guilty to not guilty and to continue bond on the two charges and set a new trial date. I intend to retain present counsel and hire help for him because he is too busy." On 2 November the applicant appeared before the court for the imposition of sentence. He moved to be permitted to withdraw his guilty plea and to enter a plea of not guilty. The motion was denied and he was sentenced to imprisonment for a term of 5 years. On 3 November he filed a petition for a writ of habeas corpus and on 22 November it was dismissed by order of court without a hearing. On 23 May 1968 he filed a petition for relief under the Uniform Post Conviction Procedure Act. The petition alleged that he had informed his counsel that he was innocent as the prosecuting witness admitted at the preliminary hearing that the $499 had been paid for termite work done at her home but counsel "despite his protestation of innocence" persuaded him to enter a plea of guilty. Before sentencing he made three requests to withdraw his plea. When he was called before the court for sentencing, his counsel told the court that the applicant had told him the $885 was a loan to him but that he told him that no one would believe this and advised him to plead guilty. The pre-sentence report, however, stated that the $885 was a loan. Counsel felt, therefore, that he had given the applicant wrong

advice—"I may have pulled a major 'goof' here." As to the charge to which he pleaded guilty, counsel said, "Now the smaller count has problems because there was some work done and this is a termite situation, and she (the prosecuting witness) admitted some work was done with reference to the $499, so there is a problem that arises there." The applicant contended that the refusal of the trial court to permit him to withdraw his plea of guilty and to allow him to plead not guilty and proceed to trial, was an abuse of discretion and a denial of his constitutional rights to a trial. After an evidentiary hearing on 31 July relief prayed was denied and he filed application for leave to appeal, claiming, in effect, that the order of the hearing court should be reversed because the hearing court erred in finding that the trial court did not abuse its discretion in denying a withdrawal of the plea of guilty. He urges error because it was shown at the hearing that he "had a meritorious defense to the said charge, which defense could be submitted to a jury to determine the guilt or innocence of the accused."

We do not think that the issue before the hearing court was whether or not the applicant may have had a meritorious defense to the charges against him or that the evidence may not have been sufficient for the trier of fact to be convinced of his guilt beyond a reasonable doubt had the cases gone to trial. We feel that the issues at the hearing on the petition for relief were, first, whether the plea of guilty at the time it was made was free and voluntary and, second, whether the trial court abused its discretion in refusing to permit the plea to be withdrawn under the circumstances. The hearing court found that the plea to the one charge was freely and voluntarily made. It noted that the trial court had gone "into the merits of the plea, the quality of the plea and (the applicant's) condition." One of the questions the trial court asked before accepting the plea was "Are you pleading guilty for any other reason than that you are guilty as charged.?" And the applicant answered, "No." We cannot say on the record before us that the hearing court was clearly erroneous in finding that the plea of guilty to the one charge was freely and voluntarily made. It was apparently a matter of trial tactics. It did result in a stet of the other charge. That the sentence imposed may have been more severe than the

applicant hoped for did not make his plea involuntary. Nor did the feeling of his counsel in retrospect, upon reading the pre-sentence investigation, that his suggestion to plead guilty may have been "ill-advised" make the plea involuntary. We think it obvious that no matters were developed in the investigation that were not theretofore known to the applicant, even though they may not have been all known, or if known, not believed, by his counsel.

Md. Rule 722 provides:

> "The court may strike out a plea of guilty at any time and enter a plea of not guilty, if it deems such action in the interest of justice."

In *White v. State,* 227 Md. 615, 625 the Court stated that Rule 722 "affords recognition of a practice which has long existed in this State." Whether or not the power is to be exercised is largely one of discretion and even a showing that there may have been a defense raised to the crimes charged, if there had been no guilty plea, does not, of itself, make an entry of a guilty plea ineffective. *Palacorolle v. State,* 239 Md. 416, 420-421. The excerpts from the proceedings at the hearing on post con-viction show only that there may have been a defense raised had the cases gone to trial. The success of the defense would have depended, of course, on the weight given to the evidence by the trier of fact and its judgment as to the credibility of the wit-nesses. We cannot say that the hearing court was clearly er-roneous in finding on the evidence before it that the trial court did not abuse its discretion in refusing to permit the plea of guilty to be stricken.

*Application denied.*