ELDON LOUIS HOLLOWAY *v.* STATE
OF MARYLAND

[No. 273, September Term, 1969.]

*Decided February 3, 1970.*

The cause was submitted to MURPHY, C.J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*A. Gordon Boone, Jr.,* with whom was *W. Kennedy
Boone, III,* on the brief, for appellant.

*Francis X. Pugh, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General,* and *Don-
aldson C. Cole, State's Attorney for Cecil County,* on the
brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Certain aspects of a plea of guilty in criminal causes
are covered by the Maryland Rules of Practice and Pro-
cedure. An accused may plead guilty to one or more of
the offenses of which he is charged, or to a degree of an
offense which by law may be divided into degrees of
guilt. Rules 720 and 724. See *Smith v. State,* 5 Md. App.
633. The court may refuse to accept a plea of guilty and
enter a plea of not guilty. Rule 721. It may strike out a
plea of guilty at any time and enter a plea of not guilty,
if it deems such action necessary in the interest of jus-
tice. Rule 722.

Substantively, a plea of guilty involves the waiver of
several federal constitutional rights of an accused. *Boy-
kin v. Alabama,* 89 S. Ct. 1709, 1712. Therefore, it can
be effectively accepted by the court only under the stan-
dard applicable to waiver of such rights. *Douglas v. Ala-
bama,* 380 U. S. 415, 422. To satisfy this standard a plea
of guilty must be entered by an accused:

(1)  voluntarily; and
(2)  with an intelligent understanding:

(a)  of the nature of the offense to which he
is pleading guilty; and
(b)  of the possible consequences of the plea.

See *Wayne v. State,* 4 Md. App. 424, 429-430; *Duvall v.
State,* 5 Md. App. 484, 486. The record must affirmatively

show that the plea was so entered, as presuming waiver from a silent record is impermissible. *Carnley v. Cochran*, 369 U. S. 506, 516. To be voluntary the plea must not be entered through coercion, terror, inducements, or subtle or blatant threats.[1] To be entered with an intelligent understanding on the part of the defendant, it must not be made through ignorance or incomprehension.[2] And the plea of guilty must be unconditional. *Wayne v. State, supra*, at 429-430. The Supreme Court said in *Boykin*:

> "What is at stake for an accused facing death or imprisonment demands utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought, * * * and forestalls the spin-off of collateral proceedings that seek to probe murky memories." (citations omitted), 89 S. Ct. at 1712, 1713.

And it noted, note 7 at 1713, quoting *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 105-106, 237 A. 2d 196, 197-198 (1968):

> "A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should

---

1. Just as the admissibility of a confession must be based on a reliable determination on the voluntariness issue which satisfies the constitutional rights of a defendant. See *Jackson v. Denno*, 378 U. S. 368, 387. "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. See *Kercheval v. United States*, 274 U. S. 220, 223, 47 S. Ct. 582, 583, 71 L. Ed. 1009;" *Boykin v. Alabama, supra*, at 1711-1712.

2. "Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality." *Boykin v. Alabama, supra*, at 1712.

include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged, and the permissible range of sentences."

Eldon Louis Holloway (appellant) was charged in a criminal information with the grand larceny of a motorcycle (1st count) and the unauthorized use of it (2nd count). On arraignment he entered a general plea of not guilty and prayed a trial by jury. When the case was called for trial defense counsel withdrew the plea and requested that appellant be rearraigned. The court suggested that it question appellant and counsel agreed. During the course of the inquiry by the court, appellant was rearraigned, pleaded not guilty to the first count and guilty to the second count, whereupon the State entered a *nolle prosequi* to the first count without objection. Rule 711. The court continued its inquiry of appellant and, at its conclusion, accepted the guilty plea.

The inquiry by the court clearly established before it accepted the plea of guilty that it was voluntary in the traditional sense as not the result of coercion, threats or inducements and that it was made with an intelligent understanding of the possible consequences. It also elicited from appellant that he had decided to plead guilty "the first of last month" and that he decided to plead guilty "because I was guilty." But just before the acceptance of the plea the transcript reads as follows:

"THE COURT: Now, then, gentlemen, for the record, I think that there ought to be a brief statement as to any discussions that occurred between counsel relative to the election or reduction of the charge, or it would be a reduced charge in this case, for instance, unauthorized use as opposed to grand larceny. What discussions have you had?

MR. COLE (State's Attorney) : Your Honor, I just told Mr. Goodrick I would accept a plea on the second count, because I felt it was unauthorized use.

THE COURT: Very good. And you?

MR. GOODRICK (Defense Counsel) : I went to the State's Attorney with the idea in mind that I felt that the facts as I learned through my investigation did not warrant the first charge, and I too felt that if anything, if he was guilty of anything, it would only be guilty of unauthorized use.

THE COURT: Then, Holloway, tell me in your own language what you did in this case.

ELDON LOUIS HOLLOWAY: Your Honor, what really happened is I found the motorcycle.

THE COURT: Where did you find it?

ELDON LOUIS HOLLOWAY: I found it down by the delicatessen of Mr. Whyte.

THE COURT: Do you know how it got there?

ELDON LOUIS HOLLOWAY: No, sir, I do not.

THE COURT: Did you know whose motorcycle it was?

ELDON LOUIS HOLLOWAY: No, sir, I did not.

THE COURT: When you took it, where did you go?

ELDON LOUIS HOLLOWAY: Well, I was going to take it to Louie Biggers to find out who the motorcycle belonged to, in North East, Maryland.

THE COURT: Did you take it there?

ELDON LOUIS HOLLOWAY: I didn't have a chance, sir.

THE COURT: What happened?

ELDON LOUIS HOLLOWAY: I stopped to get something to eat on the way to Louie, or

Lloyd Biggers, and the State Police stopped me.

THE COURT: Who is Lloyd Biggers?

ELDON LOUIS HOLLOWAY: He is the North East Town Police.

THE COURT: Yes, but you were going to take this to some place. Where were you going to take it?

ELDON LOUIS HOLLOWAY: The police I said, sir.

THE COURT: You were going to take it to the police?

ELDON LOUIS HOLLOWAY: Lloyd Biggers is the police.

THE COURT: Yes, you were going to take it to him?

ELDON LOUIS HOLLOWAY: Yes, sir.

THE COURT: Suppose you walked down the street of Elkton and you saw a motorcycle sitting on the curb, and you didn't know whom it belonged to, would you pick that up and drive it to the police station?

ELDON LOUIS HOLLOWAY: No, sir.

THE COURT: Why did you do it in this particular instance?

EDLON LOUIS HOLLOWAY: Because this motorcycle was in the ditch in the weeds.

THE COURT: In the ditch in the weeds?

ELDON LOUIS HOLLOWAY: Yes, sir.

THE COURT: Don't you think it would have been much more cautious to have gone to the police and told them what you saw and where it was?

ELDON LOUIS HOLLOWAY: Now, yes, sir.

THE COURT: How long had you had the cycle before the police picked you up?

ELDON LOUIS HOLLOWAY: Approximately 20 minutes.

THE COURT: What do you mean by in the ditch in the weeds?

ELDON LOUIS HOLLOWAY: It was alongside the road. There is a small ditch, a drainage ditch. It was in there, sir.

THE COURT: What do you mean by small drainage ditch?

ELDON LOUIS HOLLOWAY: It is where the water runs off of the road.

THE COURT: Was anybody else with you?

ELDON LOUIS HOLLOWAY: Yes, sir, Carl Hardiman.

THE COURT: All right. You may sit down. The Court will accept the plea."

We do not believe that on this recounting by appellant of his acts with regard to the motorcycle the lower court could be properly satisfied that appellant's acts were sufficient to constitute the offense for which he was charged. We feel that the record did not affirmatively show that appellant had an intelligent understanding of the nature of the offense to which he pleaded guilty; on the contrary we think that it shows that he did not. We reach this conclusion because "[i]t is clear that no one, whether principal perpetrator or aider or abettor, can violate [the larceny of use] statute unless he possesses criminal intent." *Anello v. State,* 201 Md. 164, 168. Whether or not the State at trial could have contradicted, disputed or refuted appellant's version or whether the trier of fact would have found appellant not credible is not here the issue.[3] At the time the court accepted the plea, appellant's version was all it had before it and on such version appellant did not have the requisite intent to deprive the owner of the motorcycle of its use even temporarily. If appellant thought he was guilty on such facts and cir-

---

3. "While guilty knowledge is essential to a person accused of larceny of use, such knowledge may be inferred from facts and circumstances such as would cause a reasonable man of ordinary intelligence, observation and caution to believe that the property had been unlawfully taken." *Anello v. State, supra,* at 168.

cumstances, it was only because he did not have an intelligent understanding of the nature of the offense, for the facts and circumstances tended to show he lacked the requisite criminal intent.[4] We are not persuaded otherwise by the fact that appellant indicated to the court that were he faced with the same situation again he would not, in the light of the position in which he was later placed—charged with and on trial for the commission of a crime—follow the same course of conduct and that it would have been "much more cautious" to have gone to the police and told them what he saw and where the motorcycle was. It is inconceivable that he would tell the court, in the circumstances, that he would do the same thing again.

We distinguish the instant case from those cases holding that the fact that there may have been a defense raised to the crimes charged if there had been no guilty plea, does not, of itself, make the entry of a guilty plea ineffective. See *Palacorolle v. State*, 239 Md. 416; *Taylor v. State*, 7 Md. App. 558; *Cashdan v. Warden*, 5 Md. App. 402. A plea of guilty may be voluntary and made with an intelligent understanding of both the nature of the offense and the possible consequences even though there may be possibly a defense to the crime. A defendant may feel it to be in his best interest to relinquish the opportunity to present the defense as a matter of tactics. The doctrine of *Palacorolle* and its siblings is not applicable where, as here, it cannot be said that the plea was made with an intelligent understanding of the nature of the offense to which the plea was entered.

Formerly the law was as stated in *Cooper v. State*, 231 Md. 248, 253: "A plea of guilty entered by a defendant, who is represented by counsel and capable of participating in his own defense, is ordinarily accepted as a matter of course. And on review, in the absence of a showing to the contrary, the trial court will be presumed to have done all that was required of it in receiving the

---

4. We note that defense counsel said that if appellant "was guilty of anything, it would only be guilty of unauthorized use."

plea." This is no longer the law. See *James v. State*, 242 Md. 424. We hold that the lower court erred in accepting the plea of guilty in the circumstances revealed by the record.

*Judgment reversed; case remanded for a new trial.*