DAVID R. RIGGS *v.* STATE OF MARYLAND

[No. 269, September Term, 1976.]

*Decided December 30, 1976.*

The cause was submitted on briefs to Powers, Davidson and Moore, JJ.

Submitted by *Gerald Adler, Assigned Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, Gilbert Rosenthal, Assistant Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *John F. Hanson, Assistant State's Attorney for Baltimore County,* for appellee.

Moore, J., delivered the opinion of the Court.

Appellant, David R. Riggs, foundered inevitably in a check "kiting" scheme and was convicted, under charging documents, of two alleged violations of the Worthless Check Act, Maryland Code, Art. 27, § 142 (1957, 1976 Repl. Vol.).

Although not specifically raised upon his motion for judgment of acquittal in the proceedings below, his appeal poses the question whether he should instead have been charged under the False Pretense Act, Art. 27, § 140.[1] It is our conclusion that he was improperly charged and that the evidence was insufficient to convict under the Worthless Check Act.

## I

On March 24, 1975 appellant opened a checking account at the Maryland National Bank in Bel Air, Maryland with a $5 deposit. According to the signature card received in evidence, he was a student at the University of Maryland and his "special identification" was a Selective Service card from the State of Michigan. Shortly after opening the account, appellant made a series of fairly substantial deposits in the form of checks drawn on Canadian banks, on which he was both the drawer and the payee. The deposits present the following chronology:

April 1, 1975 — Check dated March 25, 1975 drawn on the Canadian Imperial Bank of Commerce, Calgary, Alberta, in the sum of $900, (the sum of $50 in cash was also deposited);

April 9, 1975 — Check dated April 5, 1975 drawn on the First Canadian Bank, Bank of Montreal, in the sum of $900;

April 17, 1975 — Check dated April 16, 1975 drawn on the First Canadian Bank, Bank of Montreal, in the sum of $900, (appellant also deposited the sum of $20 in cash on this date);

April 23, 1975 — Check dated April 19, 1975 drawn on the First Canadian Bank, Bank of Montreal, in the sum of $900;

1. This, the principal issue, is in effect raised by appellant's contention that the evidence was insufficient to support his conviction. Appellant also claims error on evidentiary rulings and challenges the legality of his sentence to two consecutive two year terms.

May 2, 1975 — Check dated May 2, 1975 drawn on the Bank of Montreal, Sherbrooke, P. Q., in the sum of $2600; (this check was payable to cash).

With the exception of the cash deposits of $5, $50 and $20, above noted, the credits to appellant's checking account consisted of the deposited checks drawn upon the Canadian banks. The first three, in the sum of $900 each, were returned to Maryland National Bank dishonored — but not until May 2, 1975. The $900 check dated April 19, 1975 was returned on May 28, and the May 2 check in the sum of $2600 was returned on June 9, 1975.

The charges against appellant were based upon checks, payable to cash, drawn on his account at the Maryland National Bank, on April 18, 1975 and April 23, 1975, in the sum of $400 and $300, respectively. The evidence discloses that in each instance the check was presented by appellant himself and was cashed by a Maryland National Bank teller after his identification, a Maryland driver's license and a Social Security card, had been scrutinized and *also* after a verification of sufficient funds had been obtained from the bookkeeping department.[2] (The first check was cashed at the Satyr Hill Road branch in Perring Plaza and the second at the York Road branch, Towson.)

Curiously, the charging documents with respect to the alleged offenses stated that the two checks cashed by appellant at Maryland National Bank "did not clear because of insufficient funds," and in each instance appellant was charged with a violation of Code, Art. 27, § 142.

Although appellant prayed a jury trial in the district court, when the matter came on for trial in the Circuit Court for Baltimore County, he elected a bench trial, Proctor, J.

---

2. Two bank statements of appellant's account for closing dates of April 22 and July 22 were introduced into evidence. The April 22 statement indicates that 17 items (16 checks and 1 debit memo) were charged to his account, leaving a balance of $384.19 as of April 22. Appellant's statement for the July 22 closing date showed a $3,560.74 overdraft, with 20 items including 13 checks and 7 debit memos. These debit memos reflect the dishonor of the Canadian checks. The July 22 statement shows the date of the previous statement as April 22.

presiding. Appellant did not himself testify nor did he present any defense witnesses. A motion for judgment of acquittal, made at the close of the State's case and renewed after the defense rested, was based only upon a claim that Art. 27, § 142 required that the banking institution send notice to the depositor when there is "an indication there is something wrong with the check." This contention was properly rejected by the trial court. That the court's action in doing so was eminently correct is not, however, dispositive of this appeal.

## II

Where the trial court in a criminal case has denied a motion for judgment of acquittal at the conclusion of the case, the accused is entitled on appeal to have the court review the evidence to determine its sufficiency. If there was no legally sufficient evidence from which the jury could find him guilty beyond a reasonable doubt, the judgment must be set aside. *Brooks v. State,* 3 Md. App. 485, 511, 240 A. 2d 114, 130 (1967); *Pressley v. State,* 244 Md. 664, 667, 224 A. 2d 866, 868 (1966); Maryland Rule 755.

The Maryland Worthless Check Act, initially enacted in 1914, provides in pertinent part:

> "Every person who, with intent to cheat and defraud another, shall obtain money, credit, goods ... , or anything of value ... , by means of a check, draft or any other negotiable instrument of any kind drawn, whether by such person or by any other person, persons, firm or corporation, upon any bank ... *and the same be not paid upon presentation,* shall be deemed to have obtained such money, credit, goods, services ... or things of value by means of a false pretense.... *The giving of the aforesaid worthless check, draft or negotiable instrument ... shall be prima facie evidence of intent to cheat or defraud;* provided that if such person shall be a bona fide resident of the State of Maryland

and shall deposit with the drawee of such paper . . . within ten days thereafter funds sufficient to meet the same, with all costs and interest which may have accrued he shall not be prosecuted under this section, and no prosecution either by presentment, indictment or otherwise, shall be instituted or commenced until after the expiration of said period of ten days." (Emphasis added.) Art. 27, § 142.

The purpose of the statute is "to facilitate commerce and banking by averting the inconvenience and expense of handling worthless checks through banking channels, and the difficulty of collecting bills from those who give worthless checks, as well as to reduce the hazard of the loss of merchandise obtained by such checks." *Kaufman v. State,* 199 Md. 35, 39, 85 A. 2d 446, 448 (1952). Its classic application is to the employment of a check in exchange for goods or money when the same check, upon being presented to the payor bank, is dishonored for lack of funds. *See, e.g., Sinclair v. State,* 21 Md. App. 477, 319 A. 2d 549 (1974), *aff'd* 274 Md. 646, 337 A. 2d 703 (1975); *Taylor v. State,* 7 Md. App. 558, 256 A. 2d 554 (1969); *Flannigan v. State,* 232 Md. 13, 191 A. 2d 591 (1963); *Willis v. State,* 205 Md. 118, 106 A. 2d 85 (1954).

There is, of course, a difference between § 142 (the Worthless Check Act) and § 140 (the False Pretense Act). The latter prohibits the obtention by "any false pretense" of any chattel, money or valuable security with intent to defraud. In *Flannigan v. State, supra,* where the defendant-appellant obtained money at a food market by cashing a worthless check and was convicted under both § 140 and § 142, Judge Prescott (later Chief Judge) said of § 142:

*"This section, when the obtention of another's property has been achieved by means of a check for which the drawer has not provided for its payment (and the same shall not be paid upon presentation), raises a prima facie presumption of an intention to*

*defraud.* This presumption may be rebutted, but it is incumbent upon the accused to overcome the same and to satisfy the judge or jury (whichever is the trier of fact) that there was no actual intent to defraud." (Emphasis added.) (Citations omitted.) 232 Md. at 18, 191 A. 2d at 593.[3]

Later on in *Flannigan,* Judge Prescott held for the court that the appellant should not have been convicted under § 140 since a conviction thereunder, when a bad check is involved, does not require proof of an additional fact which is not essential to sustain a conviction under § 142.[4] *See Waye v. State,* 231 Md. 510, 191 A. 2d 428 (1963). This Court in *Baskerville v. State,* 23 Md. App. 439, 327 A. 2d 918 (1974), which also involved a check "kiting" operation, affirmed appellant's conviction under § 140 but, upon the authority of *Flannigan, supra,* we reversed his conviction under § 142. We found that appellant had properly been proceeded against under § 140, the False Pretense Act, and that the latter did not require proof of any fact not also needed to sustain a conviction under § 142, the Worthless Check Act.

In the instant case, the appellant was charged, as previously stated, *only* under the Worthless Check Act. That statute requires as a specific element of proof, the fact of dishonor on presentation: "and the same [check, draft or other negotiable instrument] be not paid upon presentation." Art. 27, § 142. This element would not have been involved had the State elected to prosecute under

---

**3.** In the light of our disposition of this case, we find it unnecessary to consider the impact upon the presumption thus created of Mullaney v. Wilbur, 421 U. S. 684 (1975) and Evans v. State, 28 Md. App. 640, 349 A. 2d 300 (1975), *aff'd* State v. Evans, 278 Md. 197, 362 A. 2d 629 (1976).

**4.** Quoting the rule that a single transaction may be an offense against two statutes if each requires proof of a fact which the other does not, Judge Prescott stated: "Applying that test to the instant case, it is readily observed that a conviction under § 142 requires 'proof of a fact' (a worthless check) that § 140 does not necessarily require. However, a conviction under § 140, when a bad check is involved, does not require 'proof of a fact' that is not essential to sustain a conviction under § 142. Hence, we hold that appellant should not have been convicted on the fourth count. A holding to the contrary would mean that, when a worthless check is involved, a defendant could be subjected to a double sentence by the simple expedient of finding him guilty under both sections, even though but a single check was involved."

§ 140. Here, however, the two checks on which the State prosecuted the appellant, namely, the $400 and $300 checks, dated April 18 and April 23, 1975, respectively, made payable to cash, were never dishonored but were in fact paid by the drawee bank itself upon presentation. Inexplicably, they were cashed on the basis of a balance consisting of uncollected funds represented by the deposits of the checks drawn on the Canadian banks. However, the fact that the Canadian checks were eventually dishonored does not affect the finality of the payments in cash by Maryland National Bank on April 18 and April 23.[5]

Appellant's brief claims with some accuracy: "He is not charged with the presentation of the Canadian checks which were not paid when presented.[6] Since the local [Maryland National Bank] checks were paid on presentation, there was no evidence to show a violation of the section under which the charges were brought." Simply stated, appellant should have been prosecuted under the False Pretense Act, Art. 27, § 140. The requirement of the Worthless Check Act, Art. 27, § 142, under which he was charged and tried, that the *same* check which the alleged offender used to obtain money or property be dishonored upon presentation, was not established. "It is self-evident that the State, in order to convict for obtaining money or property by false pretenses, must, as in any other prosecution, prove as a fact every element necessary to constitute a crime." *MacEwen v. State,* 194 Md. 492, 501, 71 A. 2d 464, 468 (1950); *Willis v. State, supra,* 205 Md. at 127, 106 A. 2d at 89. Indeed, the due process clause of the Fourteenth Amendment protects an accused in a state criminal cause against conviction except

---

**5.** Although a depository bank may provisionally settle with its customer, by extending credit while a deposited check is in the process of collection, thereby reserving its right of charge-back or refund, once the payor bank pays the item in cash, it is deemed to be final payment and the right of charge-back or refund is lost. *See* Md. Code, Uniform Comm. Code, §§ 4-212, 213 (1957, 1975 Repl. Vol.). Boggs v. Citizens Bank and Trust Company of Md., 32 Md. App. 500 (1976).

**6.** In Immel v. State, 228 Md. 566, 180 A. 2d 703 (1962), the court held, in a prosecution under § 140, that the mere deposit in the bank of checks subsequently dishonored by the drawee does not, in the absence of drawing upon the balance thus created, constitute evidence sufficient to support a conviction of obtaining money under false pretenses.

upon proof beyond a reasonable doubt of every element of the crime with which he is charged. *In re Winship*, 397 U. S. 358 (1970); *State v. Grady*, 276 Md. 178, 345 A. 2d 436 (1975).

Although we need not reach appellant's contention concerning the length of his sentence, we observe that the maximum sentence for a violation of § 142 is eighteen months where the value is under $500, and the imposition of a two year sentence was improper. *See Mason v. State*, 12 Md. App. 655, 280 A. 2d 753 (1971); *Flannigan v. State, supra.*

*Judgment reversed; costs to be paid by Baltimore County.*