## JEROME DUVALL *v.* STATE OF MARYLAND

[No. 56, September Term, 1968.]

*Decided December 3, 1968.*

The cause was argued before MURPHY, C.J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Malcolm B. Tebbs* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *T. Bryan Mc-Intire, State's Attorney for Carroll County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

On February 2, 1968 appellant was indicted for feloniously escaping on May 25, 1965 from the Central Laundry Correc-

tional Camp, a place of confinement within this State. Counsel was appointed to represent him and on March 12, 1968 appellant was arraigned, at which time he pleaded guilty to the offense, and was sentenced to three years under the jurisdiction of the Department of Correction, to run consecutively with the term of imprisonment he was then serving. He contends on this appeal that his guilty plea was not knowingly and intelligently entered.

The record discloses that at his arraignment the trial judge asked appellant (a) whether he was satisfied with the services rendered by his court-appointed attorney, (b) whether there was anything that "you've asked that he hasn't done," and (c) whether he has "done anything you didn't want him to do." After appellant responded in the affirmative to the first question and in negative to the other questions, the indictment was read to him and he was asked to plead to the charge. He personally responded, "guilty, Sir." He was then asked whether he desired trial by court or by jury and his attorney, on his behalf, stated that he wished trial before the court. The State's Attorney then made a statement indicating appellant's guilt of the offense charged in the indictment, after which he called a witness on behalf of the State who, without objection by the appellant, advised the court of appellant's criminal record. The appellant, through counsel, then made a statement to the court in mitigation of punishment. At the conclusion of these proceedings, the court found appellant guilty and passed sentence.

It is well settled that a plea of guilty may be entered under circumstances showing a voluntary desire on the part of the accused to do so, with an intelligent understanding of the nature of the offense to which he is pleading guilty and the possible consequences of such a plea; and the acceptance of a guilty plea entered under such circumstances will not be set aside on appeal. *Wayne v. State,* 4 Md. App. 424, and cases cited at page 429. Contrariwise, an appeal will lie, even after a plea of guilty has been entered, where it is alleged that the plea was not voluntarily and freely made, *Hamilton v. Warden,* 214 Md. 633, *Lowe v. State,* 111 Md. 1; and while it was formerly the law that a plea of guilty by a defendant represented by counsel and capable of participating in his own defense was accepted almost

as a matter of course (see *Cooper v. State,* 231 Md. 248), in *James v. State,* 242 Md. 424, it was held that the voluntary nature of a defendant's plea must be clearly established prior to the court's acceptance of it, and that although no specific ritual need be followed by the trial judge, he must satisfy himself of the voluntary character of the guilty plea and of the fact that the defendant understands its nature and effect. In *Owens v. State,* 243 Md. 719, 721, it was held that the accused who desires to plead guilty must, prior to the court's acceptance of such a plea, be advised either by the court or by his own attorney, "of the nature of the charges against him and of the consequences of a plea of guilty."

While it is clear that the indictment charging the crime of escape under Section 139 of Article 27 of the Maryland Code was read in full to the appellant at the arraignment, and that it is a crime relatively simple of understanding, the record before us does not show that any inquiry was made, either by the court or by defense counsel, as to whether appellant understood the nature of the charge and the possible consequences of a plea of guilty, particularly as to the length of the sentence that could be imposed upon him by the court. We recognize, of course, that defense counsel ordinarily advises an accused in detail concerning the nature of the crime charged, as well as the consequences of a guilty plea. We are unwilling, however, to conclude on a silent record that defense counsel did in fact so advise the accused, and we hold that appellant's guilty plea was not satisfactorily shown to be freely and intelligently entered. It was, therefore, improper under the circumstances for the court to accept it and a new trial must be granted.

Appellant advances the further contention that in no event may he be prosecuted for the crime of escape under Section 139 since prosecution therefor was barred by limitations under Article 57, Section 11 which provides, in pertinent part, that "No prosecution * * * shall be commenced for any * * * misdemeanor, except those punished by confinement in the penitentiary, unless within one year from the time of the offense committed." He urges that in October of 1965, when the alleged escape was committed, the statutory crime of escape was only a misdemeanor and since it was not punished by confinement in

the penitentiary, it could not be prosecuted later than one year after its commission.

Although the crime of escape is now a felony, having been made so by Chapter 628 of the Acts of 1966, it was a misdemeanor in October of 1965 (see *Fabian v. State,* 3 Md. App. 270), and as the sentence which could then (as now) be imposed for its violation included confinement in the penitentiary, the one year statutory limitation on prosecution is not applicable. More specifically, there is authority holding that Section 11 of Article 57 which limits prosecutions for misdemeanors "except those punished by confinement in the penitentiary" to one year is properly interpreted by viewing the word "punished" to mean "punishable" by confinement in the penitentiary. See *Schaumloeffel v. State,* 102 Md. 470. Accordingly, while the crime of escape need not be punished by confinement in the penitentiary (incarceration in jail or the House of Correction also being authorized), it is in any event *punishable* by confinement in the penitentiary, and therefore not barred from prosecution after one year under the statute.

Appellant also contends that the sentence imposed by the court was illegal and void because the indictment charging him with "feloniously" escaping was fatally defective in that the crime, when committed, was only a misdemeanor and not a felony. Although the question of the legality of the sentence has been rendered moot by our reversal of the judgment, we note that the Court of Appeals has held that an indictment which characterized as felonious the commission of a misdemeanor is invalid. See *Whittington v. State,* 173 Md. 387; *Bowser v. State,* 136 Md. 342; *Barber v. State,* 50 Md. 161; *Black v. State,* 2 Md. 376. But compare *Eggleston v. State,* 4 Md. App. 124. Although there is no general requirement, constitutional or procedural, for a re-indictment following a reversal and remand for a new trial, *Farrell v. Warden,* 241 Md. 46, we think the State's Attorney should give careful consideration to the within cited authorities.

*Judgment reversed; case remanded for a new trial.*