## GORDON ROLAND WILLIAMS *v.* STATE OF MARYLAND

[No. 146, September Term, 1970.]

*Decided December 28, 1970.*

The cause was submitted to MORTON, ORTH, and THOMPSON, JJ.

*Frank Cannizzaro, Jr.,* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Fred Kelly Grant, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

A plea of guilty can be effectively accepted by a court only under the standard applicable to waiver of constitutional rights. To satisfy this standard the record must af-

firmatively show that the plea of guilty was entered by
an accused:

    (1)  voluntarily, that is not through coercion,
        terror, inducements, or subtle or blatant
        threats; and
    (2) with an intelligent understanding, that is
        not through ignorance or incomprehension:
      (a) of the nature of the offense to which
          he is pleading guilty; and
      (b) of the possible consequences of such a
          plea; and
    (3) unconditionally, that is without any condi-
        tion or qualification.

See *Holloway v. State,* 8 Md. App. 618; *Obey and Thompson v. State,* 8 Md. App. 716; *Boykin v. State of Alabama,* 395 U. S. 238, applicable only to guilty pleas accepted on and after 2 June, 1969, *Silverberg v. Warden,* 7 Md. App. 657, specified three constitutional rights which the record must affirmatively show the accused intelligently understood and waived: (1) the privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's accusers. We construed *Boykin* as requiring also, as constitutionally mandated, that the record affirmatively show that there was a factual basis for the plea, and, we said, this factual basis must be accepted by the defendant. "[T]he record must affirmatively show the acts which the defendant admits which served as the basis for the court's determination * * * of the factual basis for the plea * * *." *McCall v. State,* 9 Md. App. 191, 199-200. We pointed out that the determination of the factual basis for the plea was "predicated upon the conduct of the defendant which he admits." The rationale was that the conviction upon the entry of a plea of guilty flows from an admission of conduct and thus it was essential that the conduct which the accused admitted constituted the offense charged. We distinguished a plea of *nolo contendere* from a plea of guilty in that respect. "[S]ince the accused by a plea of *nolo*

does not admit conduct alleged, expressly asserting by such plea that he does not contest the charge and since conviction does not flow from the plea, it is not essential that conduct constituting the offense be admitted or accepted by [the accused]. *Id.*, at 201. On 23 November 1970 the Supreme Court decided *North Carolina v. Alford*, 396 U. S. 807, 8 Cr. L 3039. The opinion of the Court [1] stated: "Implicit in the *nolo contendere* cases is a recognition that the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence." Our holding in *McCall* is in accord with this. But Alford did not simply refuse to admit the crime. Although he pleaded guilty, after the State's case was placed before the judge, Alford denied that he had committed the murder with which he was charged, but reaffirmed his desire to plead guilty to avoid a possible death sentence and to limit the penalty to a 30-year maximum provided for second degree murder. The Court said, at 3042:

> "The fact that his plea was denominated a plea of guilty rather than a plea of *nolo contendere* is of no constitutional significance with respect to the issue now before us, for the Constitution is concerned with the practical consequences, not the formal categorizations of state law. * * * Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

---

1. Mr. Justice Black concurred. Mr. Justice Brennan, with whom Mr. Justice Douglas and Mr. Justice Marshall joined, dissented.

> Nor can we perceive any material difference between a plea which refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt."

The precise holding in *Alford* was: "In view of the strong factual basis for the plea demonstrated by the State, and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it." At 3043. The Court noted: "Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court * * *." *Id.* It is apparent therefore that our belief that the determination of the factual basis for a plea of guilty was predicated upon the conduct of the defendant *which he admits* may be modified in the light of *Alford.* We do modify it. A plea of guilty may be accepted effectively when the record shows that it was made voluntarily, unconditionally, and with an intelligent understanding of the nature of the offense and the possible consequences of the effect of the plea even though the defendant denies his guilt, provided the State demonstrates a strong factual basis for the plea and the defendant clearly expresses a desire to enter it despite his professed belief in his innocence. In such circumstances the assertion of innocence does not necessarily negative any admission of guilt, which is normally central to a plea of guilty and the foundation of entering judgment. Basically the "standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." [2] *Id.* at 3040.

---

2. In *Brady v. United States*, 397 U. S. 742 the Court held that

Gordon Roland Williams (appellant), Edward Francis Mallon and Frank Emmett Watts, Jr. were jointly indicted, charged with assaulting John Edward Owens with intent to murder him (1st count) and with the assault and battery of him (2nd count). Coming on for trial in the Criminal Court of Baltimore, appellant pleaded guilty to the assault with intent to murder, the plea was accepted and he was sentenced to 15 years.[3] He first asks if the record shows that his plea was entered intelligently and voluntarily but his argument is directed toward voluntariness only. When the indictment came on for trial appellant was rearraigned. It was elicited by the Clerk that he was 33 years of age. Appellant offered a plea of guilty of assault with intent to murder and the court made personal inquiry of him concerning it. The canvass included questions with regard to the voluntariness of the plea. The transcript reads:

> "THE COURT: Do you understand that in making this plea no one can make any promises to you as to how I will dispose of the case? That is, no one can promise you whether I will consider probation or send you to jail or for how long you will go to jail or for how much up to fifteen years?
> THE DEFENDANT: Yes sir.
> THE COURT: Have any promises of any kind been made to induce you to plead guilty?
> THE DEFENDANT: No sir.
> THE COURT: Have any threats of any kind been made to induce you to plead guilty?

---

a plea of guilty which would not have been entered except for the defendant's desire to avoid a possible death penalty and to limit the maximum penalty to life imprisonment or a term of years was not for that reason compelled within the meaning of the Fifth Amendment.

3. Watts subsequently pleaded guilty to the assault with intent to murder, his plea was accepted and he was sentenced to 15 years. Mallon was found "not guilty by reason of insanity at the time of the alleged offense" and was committed to the custody of the Department of Mental Hygiene. Code, Art. 59, §§ 7-12. See *Strawderman v. State*, 4 Md. App. 689.

THE DEFENDANT: No.

THE COURT: Is your plea completely free and voluntary without any promises of any kind having been made to you?

THE DEFENDANT: Yes sir, completely free and voluntary.

THE COURT: You plead guilty because in truth and fact you are guilty of this crime and for no other reason?

THE DEFENDANT: Yes sir."

Thereafter the State gave a detailed statement as to the crime which showed a strong factual basis for the plea. The court then accepted it and found appellant guilty under the first count. Appellant was charged in two other indictments; one alleged he conspired to murder Owens, the other that he conspired to violate the forgery laws. The State told the court that it planned to enter a *nolle prosequi* to those indictments. The State was able to obtain an indictment of conspiracy to violate the forgery laws "simply because Mr. Williams was willing to give [the State] the information on which it was based. It was more of the information that he volunteered to us." Appellant now contends that the disposition of these two other indictments were such an inducement to him as to make his plea involuntary.[4] There is nothing in the record to indicate that appellant knew that the State was going to *nol pros* the other two indictments or that it had offered to so dispose of them if appellant pleaded guilty of assault with intent to murder and appellant does not so allege. In any event, if a plea of guilty to second degree murder offered by a defendant who denies he committed the homicide and who so pleads to avoid a possible death sentence and to limit the penalty to a maximum of 30 years is not compelled, we do not see how a plea of

---

4. It seems that appellant relies on this point in claiming that his plea was involuntary. He recognizes that *Boykin* specifies three constitutional rights which must be waived for the effective acceptance of a plea of guilty but, as we understand the argument in his brief, makes no claim that he did not intelligently waive them. Therefore we do not consider that point.

guilty of assault with intent to murder would be compelled even if made to avoid possible conviction of other offenses and the possible imposition of additional sentences. However we find that the record here affirmatively shows that appellant offered the plea voluntarily and not through coercion, terror, inducements, or subtle or blatant threats. We hold that the court did not commit constitutional error in accepting it. See *Edwards v. State,* 7 Md. App. 327.

Appellant contends that the sentence of 15 years imposed after a plea of guilty was cruel and unusual punishment. That appellant may have hoped for a lighter sentence did not render his plea involuntary or unintelligent. See *Silverberg v. State,* 7 Md. App. 657. In fact the court told appellant and appellant said he understood that the maximum penalty was 15 years. Code, Art. 27, § 12. And he said he understood when the court asked: "Do you understand that in making this plea no one can make any promises to you as to how I will dispose of the case? That is, no one can promise you whether I will consider probation or send you to jail or for how long you will go to jail or for how much up to fifteen years?" Nor do we find in the remarks of the court at the time of sentencing any showing that the sentence was dictated by passion, ill will or other unworthy motive. The contention is without merit.

Appellant claims that the statement of facts did not constitute a proper factual basis for the plea. We remarked *supra* that it provided a strong factual basis. Owens would testify that three men entered his apartment under the pretense of being law enforcement officers.[5] He was fired on and wounded four times. The victim would identify appellant as one of the three men. A neighbor would identify appellant as one of three men she saw leave the apartment. Two other witnesses would testify that they were present during discussions by appellant as to shooting Owens and that Owens was shot

---

5. One of the men flashed an Assistant State's Attorney's badge. It had been lost by an assistant prosecutor.

under a contract. One of the bullets fired entered Owens' neck and glanced off his skull, saving his life. Appellant confessed his part in the shooting after his arrest. "In his statement he told the Police how [Mallon] had contacted him and how Mr. Watts had been brought into the contract. And that it was his understanding that it was Mr. Owens' wife who had put up the money for the shooting of John Owens." This evidence clearly showed that appellant was a principal in an assault with intent to murder Owens. See *Wells v. State,* 8 Md. App. 510, 521; *Harding v. State,* 5 Md. App. 230.

Appellant finally asserts that he did not have the effective assistance of counsel. He did not raise the point below. He argues that "in spite of all the redeeming features in his favor, the court failed to take judicial notice of them and gave him the maximum [sentence] allowed by law, even after the plea of guilty, and even after learning his testimony saved the lives of several persons." He urges that his counsel "lacked the necessary forcefulness to convey to the trial judge all of these redeeming factors and it is apparent that he was denied the effective assistance of counsel because he did not need counsel in order to receive a maximum sentence." He could, he insists, have received a maximum sentence without any counsel at all.

Ordinarily when the question as to competency of trial counsel is not raised below, we do not consider it on direct appeal. We usually invoke Maryland Rule 1085 for the reason, among others, that counsel has no opportunity to defend himself. *Thompson v. State,* 6 Md. App. 50, 56. We dispose of the point here, however, because counsel needs no defense. Competency of counsel is not dependent upon a light sentence. It does not follow in the circumstances here that because appellant received 15 years for assault with intent to murder his counsel was incompetent. Appellant does not indicate what his "redeeming features" are other than he confessed after being caught and pleaded guilty upon going on trial. On the other hand his own confession tended to show he was a

hired killer who participated in a near fatal assault. He had a prior record, as noted by the court, of convictions of "carrying a deadly weapon, burglary, assault and robbery, and other offenses." We hold that the imposition of a 15 year sentence here was not sufficient to establish that appellant was not afforded a genuine and effective legal representation. See *Davenport v. State,* 7 Md. App. 89, 98.

*Judgment affirmed.*