**Leroy GRANT,**

v.

**UNITED STATES of America.**

**Civ. No. 2645.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

July 17, 1971.

Leroy Grant, pro se.

Warren H. Coolidge, U. S. Atty., David W. Long, Asst. U. S. Atty., Raleigh, N. C., for respondent.

## ORDER

BUTLER, Chief Judge.

This proceeding is before the court upon petitioner's motion to vacate his sentence under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b), imposed upon petitioner's plea of guilty of interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312, as charged in a criminal information. Petitioner alleges as grounds for relief that he did not understand the nature and length of the maximum sentence under the Federal Youth Corrections Act, and that the court failed to address petitioner personally and advise him of the maximum penalty prior to the imposition of sentence, in violation of Rule 11 of the Federal Rules of Criminal Procedure. Petitioner relies upon the decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

██ ██ The time of the events complained of is relevant to the court's determination of this motion. Petitioner was arraigned on December 6, 1965, and sentenced on February 2, 1966. Rule 11 was amended effective July 1, 1966, to impose the requirement that the court *address the defendant personally* in determining that a guilty plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. *McCarthy*, in construing Rule 11 as amended, held that a guilty plea accepted without full compliance with Rule 11 should be set aside and the defendant given an opportunity to plead anew. That remedy was held not to be retroactive. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). The appropriate remedy where a guilty plea has been accepted in violation of Rule 11, as amended, prior to McCarthy is a hearing to determine whether the plea was voluntarily and understandingly entered. United States v. Tucker, 425 F.2d 624 (4 Cir., 1970). The court, however, is of the opinion that its decision in the present case must be based upon the requirements of Rule 11 prior to July 1, 1966. Bongiorno v. United States, 424 F.2d 373 (8 Cir., 1970). In Pilkington v. United States, 315 F.2d 204, 209 (4 Cir., 1963), the Court held with respect to a defendant's understanding of the consequences of his guilty plea that he be *"actually aware* of the possible penalties under the Federal Youth Corrections Act having been informed by his attorney or by the probation officer * * * or by someone else."* (Emphasis supplied.)

██ The transcript of petitioner's arraignment conclusively demonstrates that petitioner was actually aware of the possible penalties under the Federal Youth Corrections Act. The transcript shows that upon the call of the petitioner's case for arraignment, he was informed in open court by an Assistant United States Attorney of the nature of the charge and the maximum statutory penalties. Then, upon being advised that petitioner was 21 years of age, the Assistant United States Attorney further advised petitioner as follows:

"The defendant states that he is twenty-one years of age, and I inform him that upon conviction of a youth offender under the age of twenty-two years at the time of the conviction, the court may in lieu of the penalty otherwise provided by law, sentence the defendant pursuant to the Federal Youth Corrections Act which provides maximum confinement of six years." (Tr. 2).

Thereupon *the court addressed the petitioner personally* and in response to appropriate inquiries, petitioner informed the court that he understood the nature of the charge and the maximum penalties provided by law. (Tr. 3). Upon inquiry the court then learned that petitioner was represented by privately retained counsel who had not yet arrived in court, and the court allowed petitioner to stand aside to await the arrival of

**1310**

his counsel. A short while later petitioner's counsel appeared in court, and petitioner's case was again called. The Assistant United States Attorney again advised petitioner of the nature of the charge and the maximum statutory penalties. Then, once again being advised of petitioner's age, the Assistant United States Attorney stated:

"In view of that, he is advised that upon conviction of a youth offender under the age of twenty-two years at the time of the conviction, the court may, in lieu of the penalties otherwise provided by law, sentence the defendant pursuant to the Federal Youth Corrections Act which provides maximum confinement of six years." (Tr. 5).

Upon inquiry by the court, petitioner's counsel stated that he had conferred with the petitioner and in his opinion the petitioner understood the nature of the charge and the maximum penalties provided by law. Petitioner's sole ground of attack upon the voluntariness of his plea is based on his allegation that the court did not personally address the petitioner and advise him of the maximum sentence under the Youth Corrections Act.

The record conclusively shows that petitioner was fully advised and was actually aware of the maximum penalties under the Youth Corrections Act, and that his guilty plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea. Pilkington v. United States, supra.

The court is further of the opinion that were the requirements of Rule 11, as amended, applicable to this case, those requirements were met in that the court addressed petitioner personally in determining that he understood the nature of the charge and the maximum penalties provided by law.

Now, therefore,

It is ordered that petitioner's application be, and the same is hereby, denied.