RICHARD S. ANNIS *v.* STATE OF MARYLAND

[No. 510, September Term, 1971.]

*Decided March 9, 1972.*

The cause was submitted on briefs to ANDERSON, ORTH and GILBERT, JJ.

Submitted by *Joseph Rosenthal* for appellant.

Submitted by *Francis B. Burch, Attorney General, David H. Feldman, Assistant Attorney General, Milton B. Allen, State's Attorney for Baltimore City, J. Carroll Holzer* and *Dominic Iamele, Assistant State's Attorneys for Baltimore City,* for appellee.

ORTH, J., delivered the opinion of the Court.

RICHARD S. ANNIS, brought to trial in the Criminal Court of Baltimore on 3 June 1971 under an indictment charging by the 1st count that he assaulted James E. King on 13 September 1970 with intent to murder and by the 2nd count that he did, on the same day, assault and beat King, pleaded guilty under the 2nd count. The State made known that the plea was acceptable to it. He was examined by his counsel concerning his plea and personal inquiry of him was made by the court. The State gave a statement of the facts and circumstances of the commission of the crime. The court found that the plea had been voluntarily and intelligently made, accepted it, and a verdict of guilty to the second count was entered. A pre-sentence report was ordered. It was filed on 14 June and on 21 June Annis was sentenced to 8 years. He appealed. He does not claim that the acceptance of his guilty plea was ineffective.[1] The only issue he raises is that the sentence was not validly imposed because he was not represented by his counsel of record at the penalty stage of the proceedings.

On 13 November 1970 I. Marshall Seidler, privately retained, entered his appearance as Annis' attorney. Annis was afforded the personal assistance of Mr. Seidler at the arraignment and during the guilt stage of the proceedings. Pending the imposition of sentence Annis was released on his own recognizance through the Pre-Trial Release Division. At the time of disposition Annis appeared in court with Ralph Shapiro, Esq. The transcript reflects the following:

"MR. SHAPIRO: Your Honor, Mr. Seidler is counsel for Mr. Annis, but he is out in Baltimore County trying a case. He called our office and said he wasn't able to make it here and asked me if I would stand in for him. I am Ralph Shapiro.

---

1. The transcript of the proceedings discloses full compliance with the requirements for an effective acceptance of a plea of guilty. See *Williams v. State,* 10 Md. App. 570.

THE COURT: I know he is familiar with the report.

MR. SHAPIRO: Yes, and I looked the report over, and I am as familiar. I was reading it in the last half hour."

The court asked if he wanted to be heard and Shapiro said he did. The comments he made were not transcribed, the transcript merely stating "(WHEREUPON, argument by Mr. Shapiro on behalf of the defendant.) The State submitted and in answer to a direct question by the court Annis said he did not wish to say anything. Sentence was imposed.[2] Annis protested the sentence and implored the court persistently to suspend its imposition. But he said not one word in protest of his representation by Shapiro.

A defendant's right to the assistance of counsel in a criminal cause, guaranteed by the Sixth Amendment to the federal constitution, encompasses proceedings at which sentence is imposed. *Mempa v. Rhay,* 389 U. S. 128; *Knight v. State,* 7 Md. App. 313, 323. Annis had the assistance of counsel when sentence was imposed and on appeal complains for the first time that it was not his counsel of record. He was, of course, entitled to the assistance of the attorney he employed. *English v. State,*

---

2.

"THE COURT: This pre-sentence report is rather revealing. I must be frank to state Mr. Annis made a rather good impression in the trial of the case and I was surprised, frankly, to find that he has such a bad background. By bad, I mean there has been previous conflicts with the law; in fact, Mr. Annis is on probation now from a three-year sentence imposed by Judge Foster.

MR. SHAPIRO: As I pointed out to the Court, this is the first crime involving any violence at all.

THE COURT: This is the thing that makes it different but he certainly started out in a big way. Mr. King was shot in the chest. He was in the hospital for three weeks; had he died, I think we would have a first degree murder on our hands, because Mr. Annis shot him once and something happened, he missed and shot him again. That is a rather serious way to start out on the path of crimes of violence. He did plead guilty which is a mitigating factor.

Under all the circumstances, Mr. Annis, I am going to impose a sentence of eight years under the jurisdiction of the Department of Correctional Services."

8 Md. App. 330. But the right may be waived, *Joyner v. State,* 7 Md. App. 692. We think that the record here was not silent but showed sufficiently that Annis elected to proceed with Shapiro and without Seidler. Annis gave no indication whatsoever that he was not willing to have Shapiro represent him, standing silent when Seidler's absence and Shapiro's presence were explained to the court and making no protest at any time below, despite ample opportunity to do so. On the record there is nothing to give cause to believe that Shapiro's appearance at the disposition proceeding was without the full approval and acceptance of Annis. Compare *English v. State, supra,* where the defendant expressly protested the representation of the attorney appearing at trial as not the one he had employed to represent him. In the circumstances here we do not feel compelled to vacate the sentence because Shapiro's appearance was not in fact entered of record. Cf. Rule 751. In any event because the point is raised for the first time on appeal it is not properly before us. Maryland Rule 1085. See *State v. Zimmerman,* 261 Md. 11, the rationale of which we think apposite.

We point out that we feel it would be the better practice in such a situation as confronted the lower court here to have the record expressly show the defendant's acceptance of the attorney appearing in court to assist him and to have that attorney file his appearance with the Clerk of the Criminal Court as co-counsel in the cause.

*Judgment affirmed; appellant to pay costs.*