# WINFRED JAMES MATHEWS *v.* STATE OF MARYLAND

[No. 7, September Term, 1972.]

*Decided July 6, 1972.*

The cause was argued before THOMPSON, MOYLAN and GILBERT, JJ.

*John J. Garrity* for appellant.

*Harry A. E. Taylor, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Joseph C. Sauerwein, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

This appeal squarely raises the question of whether or not the record must affirmatively demonstrate that an accused has been apprised of the maximum sentence to which he subjects himself by a plea of guilty.

Winfred James Mathews [1] pleaded guilty in the Circuit Court for Prince George's County to feloniously breaking into a dwelling in the daytime (Art. 27, § 30(b)) and was sentenced to a term of 10 years under the jurisdiction of the Department of Correctional Services.

Before accepting the guilty plea, the court proceeded to satisfy itself that the plea was being entered in accordance with that portion of the mandate of *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), wherein Mr. Justice Douglas, speaking for the Court, said:

> "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan,* 378 U. S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653. Second, is the right to trial by jury. *Duncan v. Louisiana,* 391 U. S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491. Third, is the right to confront one's accusers. *Pointer v. Texas,* 380 U. S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923."

Additionally, in the instant case, there was an underlying factual basis for the plea of guilty as required by our holdings in *McCall v. State,* 9 Md. App. 191, 263 A. 2d 19 (1970), and *Williams v. State,* 10 Md. App. 570, 271 A. 2d 777 (1970). In *Williams,* we said:

> "A plea of guilty can be effectively accepted by a court only under the standard applicable

---

1. The record discloses in a *pro se* "Petition for Reconsideration of Sentence" that the appellant was at the time of the filing of the petition 18 years old and had no previous record other than a disorderly conduct charge. Appellant neither raises nor need we decide the issue of whether or not the entrance of his guilty plea was in any wise affected by his age.

to waiver of constitutional rights. To satisfy this standard the record must affirmatively show that the plea of guilty was entered by an accused:

(1) voluntarily, that is not through coercion, terror, inducements, or subtle or blatant threats; and

(2) with an intelligent understanding, that is not through ignorance or incomprehension:

(a) of the nature of the offense to which he is pleading guilty; and

(b) of the possible consequences of such a plea; and

(3) unconditionally, that is without any condition or qualification."

Appellant, however, argues that notwithstanding the trial court's efforts to comply with *Boykin v. Alabama, supra, McCall v. State, supra,* and *Williams v. State, supra,* we should reverse because of our holding in *Duvall v. State,* 5 Md. App. 484, 248 A. 2d 401 (1968), wherein Chief Judge Murphy, speaking for this Court, said at page 487:

"* * * the record before us does not show that any inquiry was made, either by the court or by defense counsel, as to whether appellant understood the nature of the charge and the possible consequences of a plea of guilty, *particularly as to the length of the sentence that could be imposed upon him by the court.* We recognize, of course, that defense counsel ordinarily advises an accused in detail concerning the nature of the crime charged, as well as the consequences of a guilty plea. We are unwilling, however, to conclude on a silent record that defense counsel did in fact so advise the accused, and we hold that appellant's guilty plea was not satis-

factorily shown to be freely and intelligently entered." [2] (Emphasis supplied).

The record pertaining to the "possible consequences of a plea of guilty, particularly as to the length of the sentence that could be imposed upon [appellant] by the court" in the instant case is as follows:

---

2. We have traced the decisional history of *Duvall v. State, supra,* and have reviewed every published opinion of this Court, to date, pertaining to a guilty plea, and which cites *Duvall* for the proposition underscored above, either in a direct discussion or by collateral reference thereto. In none of them have we heretofore been confronted with the precise question posed by this appeal. See, for example, *Cooper v. State,* 5 Md. App. 638, 248 A. 2d 905 (1969), wherein the record revealed that Cooper "knew that the maximum sentence was ten years"; *Church a/k/a Holland v. State,* 5 Md. App. 642, 248 A. 2d 907 (1969), where Church replied "Yes" to the question by the court, "you are subject to twenty years imprisonment, the maximum, you understand that?"; *Taylor v. State,* 7 Md. App. 558, 256 A. 2d 554 (1969), where Taylor acknowledged that he "understood that the minimum sentence was two years and the maximum sentence was ten years"; *Montayne v. State,* 7 Md. App. 627, 256 A. 2d 706 (1969), wherein Montayne was advised by the court that by entering a plea of guilty he could be sentenced to a maximum of 20 years for armed robbery; *McCall v. State,* 9 Md. App. 191, 263 A. 2d 19 (1970), where the accused was informed by the court that he could receive 18 months and a $500.00 fine on each of 13 counts of issuing "worthless checks," together with additional penalties for "malicious destruction of property." See also the following cases which, while they do not specifically mention *Duvall v. State, supra,* nevertheless illustrate the solicitous attitude of the trial judge so favored by *Boykin v. Alabama, supra*: *Smith v. State,* 5 Md. App. 633, 248 A. 2d 913 (1969), where the court advised Smith that "the maximum sentence for this offense is confinement for a period of 32 years in the penitentiary" (*Id.* at p. 636, footnote 2, we observed that the judge had incorrectly stated the penalty for second degree murder, the true term of imprisonment called for by statute being 30 years); *Fix v. State,* 5 Md. App. 703, 249 A. 2d 224 (1969), where defense counsel informed the court that he had advised his client that "a maximum sentence of eighteen years" could be imposed; the trial judge then inquired of the defendant if he understood that and defendant's answer was in the affirmative; *Williams v. State,* 10 Md. App. 570, 271 A. 2d 777 (1970), wherein the court informed Williams and Williams replied that he understood the maximum penalty in his case could be 15 years; *Perry v. State,* 11 Md. App. 302, 273 A. 2d 635 (1971), where Perry was advised as to "the limits of the sentence that legally could be imposed"; and *Smith v. Director,* 13 Md. App. 53, 280 A. 2d 910 (1971), where the trial court inquired of the defendant, "do you understand that the maximum punishment for this offense is twenty years confinement in prison?" to which the defendant replied, "Yes, sir."

"THE COURT: *Do you also understand that the Court may sentence you to the maximum on this charge?*

DEFENDANT: *Yes, sir.*

THE COURT: *Do you understand that?*

DEFENDANT: *Yes, I do.*

THE COURT: *Do you know what that is?*

DEFENDANT: *No, I am not sure, sir.*

THE COURT: Has anyone promised you that you would receive probation or receive any leniency in this case?

DEFENDANT: No, they haven't.

THE COURT: You understand that the Court can sentence you up to the maximum on it?

DEFENDANT: Yes.

THE COURT: *And you know what the maximum is?*

DEFENDANT: *Yes, sir.*

          * * *

"THE COURT: Do you fully understand what the effect of entering the plea is?

DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with the manner in which your attorney has handled the case?

DEFENDANT: Yes, I am.

THE COURT: Your case. And the advice he has given you concerning entering a plea of guilty?

DEFENDANT: Yes.

THE COURT: Are there any questions you would like to ask the Court concerning the effect of a plea of guilty?

DEFENDANT: No, sir."

(Emphasis supplied).

In the instant case, the appellant firstly stated that he was "not sure" of the maximum sentence to which he subjected himself by virtue of a plea of guilty. We think appellant's response to the trial judge's question as to whether or not appellant knew the maximum sentence that could be imposed was couched in such language that it, the response, operated, or should have operated, as a signal to the judge so as to necessitate further inquiry as to whether or not appellant's counsel had apprised appellant of the maximum penalty that could be meted under the statute, or, in the alternative, for the court to so advise the appellant. It has not been constitutionally mandated that a trial court should personally conduct the examination of a defendant so as to determine the defendant's understanding of, and the effect of, a guilty plea, *Smith v. Director*, 13 Md. App. 53, 280 A. 2d 910 (1971), and there is no Maryland Rule to that effect, although an on the record personal inquiry by the trial judge, we think, is the better practice. *McCall v. State, supra.*

In *Boykin v. State, supra,* the Court said:

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (citations omitted), and forestalls the spin-off of collateral proceedings that seek to probe murky memories."

The Supreme Court of Pennsylvania, in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968), (cited by the Supreme Court in *Boykin,* footnote 7) in speaking of pleas of guilty said:

"If these convictions are to be insulated from attack, the trial court is best advised to conduct

an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences."

The State urges the argument upon us that the trial judge's decision to refrain from specifying the maximum sentence does not *per se* render a guilty plea constitutionally infirm. In support of its position the State relies upon a number of cases which we have reviewed and find factually inapposite.[3]

Before a plea of guilty is accepted, the record should clearly show compliance with *Boykin, McCall,* and *Williams*. It should also demonstrate that the accused knows the length of the maximum sentence that the trial court can impose for the offense or offenses.

Here, as in *Duvall v. State, supra,* we are unwilling to conclude, on the basis of a silent record, that defense counsel had in fact advised the appellant as to the length of the maximum sentence, even though we recognize that defense counsel ordinarily informs an accused in detail concerning the nature of the crime charged, the maximum sentence, and the consequences of a plea of guilty.

*Judgment reversed.*
*Case remanded for a new trial.*

---

3. See *James v. State,* 242 Md. 424, 219 A. 2d 17 (1966); *Young v. United States,* 433 F. 2d 626 (10th Cir. 1970); *Barnett v. United States,* 403 F. 2d 918 (D. C. Cir. 1968); *United States v. Martin,* 389 F. 2d 383 (4th Cir. 1968); *Hughes v. United States,* 304 F. 2d 91 (5th Cir. 1962); *United States v. McNicholas,* 298 F. 2d 914 (4th Cir. 1962); *Grant v. United States,* 329 F. Supp. 1308 (E. D. N. C. 1971); *Jones v. State,* 471 S. W. 2d.223 (Mo. 1971); *State v. Leuck,* 107 Ariz. 49, 481 P. 2d 842 (1961); *People v. Scott,* 43 Ill. 2d 135, 251 N. E. 2d 190 (1969); *LeFebre v. State,* 40 Wis. 2d 666, 162 N. W. 2d 544 (1968).