# DAVID LEE GANT *v.* STATE OF MARYLAND

[No. 161, September Term, 1972.]

*Decided December 5, 1972.*

The cause was argued before ORTH, C. J., and MOYLAN and MENCHINE, JJ.

*Arthur D. Condon* for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Mary Elizabeth Kurz, Assistant Attorney General,* and *John C. Hancock, State's Attorney for Charles County,* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

David Lee Gant has appealed his conviction and sentence after entry of a plea of guilty, upon the ground that the trial court in accepting the guilty plea did so without the required affirmative showing that it was intelligently and voluntarily made, and that waiver of federal constitutional rights of the accused was not affirmatively

established of record. The record clearly shows that the trial judge carefully explained to the accused his constitutional right against compulsory self-incrimination; his right to trial by jury, and his right to be confronted by his accusers, as required by *Boykin v. Alabama,* 395 U. S. 228, 23 L.Ed.2d 274. It also affirmatively appears that the plea of guilty was entered by the accused intelligently and voluntarily in all requirements enunciated in *McCall v. State,* 9 Md. App. 191, and *Williams v. State,* 10 Md. App. 570, but for the single exception that the accused was not advised of the possible consequence of such a plea.

This Court, speaking through Chief Judge Murphy, in *Duvall v. State,* 5 Md. App. 484, raised storm signals of warning in announcing to the trial courts that the record must make an affirmative showing "* * * particularly as to the length of the sentence that could be imposed upon him by the court." In *Mathews v. State,* 15 Md. App. 686,[1] we traced the decisional history of *Duvall v. State, supra,* and reviewed every published opinion of this Court pertaining to a guilty plea, and at page 692 declared:

> "Before a plea of guilty is accepted, the record should clearly show compliance with *Boykin, McCall* and *Williams.* It should also demonstrate that the accused knows the length of the maximum sentence that the trial court can impose for the offense or offenses."

We reiterate our holding in *Mathews* that these are inflexible requirements, the absence of any of which will require reversal.

*Judgment reversed.*
*Case remanded for a new trial.*
*Mandate to issue forthwith.*

---

1. Cert. den. 9/19/72 Misc. No. 187, 1972 Term.