## CHRISTINE HOWARD *v.* STATE OF MARYLAND

[No. 513, September Term, 1972.]

*Decided June 1, 1973.*

The cause was argued before ORTH, C. J., and MORTON and THOMPSON, JJ.

*Louis Peregoff, Assigned Public Defender*, for appellant.

*Harry A. E. Taylor, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City*, and *Joseph J. Wase, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Christine Howard complains that her guilty pleas to shoplifting of goods under the value of $100 and possession of narcotics in a quantity sufficient to indicate an intent to distribute were not voluntary because the trial judge, prior to the acceptance of the plea, erroneously informed her the maximum sentence for both charges was twenty-one and one-half years. The governing statutes authorize, in addition to the stated incarceration, the imposition of monetary fines. Md. Code, Art. 27, § 551A (d) and § 286 (b)(1). The sentences actually imposed were eighteen months for the

shoplifting charge and four years for the narcotics violation to run concurrently.

In two recent cases we reiterated the rule that the record must show that the accused knew the maximum sentence to which he was subjecting himself before a tendered plea of guilty can be accepted by the trial judge. *Gant v. State*, 16 Md. App. 382, 297 A. 2d 327 and *Matthews v. State*, 15 Md. App. 686, 292 A. 2d 131, *cert. den.* September 19, 1972, 266 Md. 739. Without such an affirmative showing it cannot be said that an accused has entered a plea with intelligent understanding. Most other states seem to follow a similar rule. 97 A.L.R.2d 549. A review of our cases indicates, however, the precise point prescribed in the instant case has not been decided; and we have found very few other cases where an accused was given inaccurate information as to the maximum sentence.

In one case the accused was informed the sentences on two charges could be consecutive when the law was to the contrary. The Court in *United States v. Woodall*, 438 F. 2d 1317, 1329 (5th Cir. 1970), said:

"Although we are unwilling to lay down a *per se* rule which would hold every form of misinformation as to plea consequences which indicated more rigorous consequences than the law would truly permit could never be considered in an attack on a guilty plea, we do now expressly overrule the prior panel holdings of this court in *Stephen* and *Grant, supra.* Isolating all other factors that could influence a defendant in determining to enter a plea of guilty, the court is of the opinion that even if Woodall had been told the district judge could pyramid the maximum sentences under each of the separate counts of the two indictments to which he pled, this factor would not invalidate his plea. The probability such information would have influenced Woodall *not* to change his plea so far outweighs the possibility that the prospect of stiffer punishment may have caused the change, that we refuse to consider the latter as

relevant. It is apt to repeat the admonition of Mr. Justice Cardozo in *Snyder v. Mass.*, 291 U. S. 97, 54 S. Ct. 330, 78 L. Ed. 674 (1934), *'There is danger that the criminal law will be brought into contempt* \* \* \* *if gossamer possibilities of prejudice to a defendant are to nullify a sentence pronounced by a court of competent jurisdiction* \* \* \* *and set the guilty free:* 291 U. S. at 122, 54 S. Ct. at 338." (Emphasis added)

In that case the Court also referred to the most recent pronouncement by the Supreme Court on the question of guilty pleas, *North Carolina v. Alford,* 400 U. S. 25, 91 S. Ct. 160, 27 L.Ed.2d 162 (1970), saying:

" The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."

We have found only one case in which the accused was informed that the penalty was less than permitted under the statute, *Proffitt v. Cupp,* Or. App. 468 P. 2d 912, wherein the Court simply stated that the defendant was not prejudiced because the sentence imposed did not exceed that which the petitioner thought was the maximum at the time the plea was entered. We have found two other cases where the trial judge's statement of the maximum sentence could have been misleading. They are *People v. McCullough,* 45 Ill. 2d 305, 259 N.E.2d 19 and *People v. Evans,* 45 Ill. 2d 265, 259 N.E.2d 41. In each of these cases the Court held in effect, the error was harmless. There was little discussion in any of these cases.

While we think a trial judge should be careful to state accurately the maximum possible sentence prior to the acceptance of a guilty plea, we agree with *United States v. Woodall, supra,* that every form of misinformation as to the plea consequence will not result in an automatic holding that the guilty plea was not voluntary. In the instant case we do not think the information that the accused could be subjected to fines in addition to incarceration for a period

48

not to exceed twenty-one and one-half years would have had any effect at all on an offer of the plea. More importantly as the sentences were well below the maximum as explained by the court, we think the error was harmless beyond any reasonable doubt.

Howard further contends that her plea was improperly received because she did not admit the factual basis for her guilt. The record shows Howard was apprehended by a Special Officer as she was leaving a department store with merchandise valued at $43.95 concealed in a shopping bag. The point of apprehension was between the cash register and the exit of the store. Upon arrest her handbag was searched and 66 glassine bags, 2 spoons, 3 plastic bags containing a white powder, a red tourniquet and seven sealed glassine bags containing white powder were discovered. Chemical analysis showed that the foil contained 1.8 grams of heroin hydrochloride at 14% strength and that the powder in one of the packets was quinine and the other powder contained another cutting agent which had not been identified to the State's Attorney. The amount of heroin if cut was sufficient to make at least 15 glassine bags of 4 or 5% strength which is the strength at which heroin is offered for retail sales.

Miss Howard testified stating that she intended to pay for the merchandise in her shopping bag and that she was carrying the heroin for a friend.

Howard relies on *McCall v. State,* 9 Md. App. 191, 200, 263 A. 2d 19, wherein we held that before a guilty plea could be accepted the accused must admit a factual basis for the plea. She overlooks *Williams v. State,* 10 Md. App. 570, 271 A. 2d 777, in which we held in view of *North Carolina v. Alford, supra,* it was no longer mandatory for an accused to admit the facts necessary to establish guilt prior to the acceptance of a guilty plea provided the record showed a strong factual basis for the plea. The record in the instant case shows a strong factual basis for the plea. We hold that the guilty plea was voluntary and properly accepted by the trial court. Other than the two contentions herein discussed the voluntariness of the plea is not contested.

Relying on *English v. State,* 8 Md. App. 330, 259 A. 2d 822,

appellant argues that because substitute counsel appeared at the sentencing hearing instead of her retained counsel who had appeared at the hearing concerning the voluntariness of the guilty plea, she was denied counsel in violation of *Gideon v. Wainwright*, 372 U. S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963). Unlike *English v. State*, there was no objection below to the appearance of substitute counsel. The question is, therefore, not before us. Md. Rule 1085. See *State v. Zimmerman*, 261 Md. 11, 273 A. 2d 156, *Harris v. State*, 2 Md. App. 408, 234 A. 2d 781 and *Jordan v. State*, 2 Md. App. 415, 234 A. 2d 783.

*Judgments affirmed.*