# EMMETT GUY EDWARDS, JR. *v.* STATE OF MARYLAND

[No. 1042, September Term, 1975.]

*Decided July 27, 1976.*

The cause was argued before GILBERT, MENCHINE and MELVIN, JJ.

*Arthur A. DeLano, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Deborah K. Handel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Steven Sacks, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court.

On August 5, 1975, the appellant, Emmett Guy Edwards, was brought to trial in the Criminal Court of Baltimore on a charge of assault arising out of an incident that occurred on December 7, 1974. In addition to the assault charge he had

originally been charged with illegally possessing a dangerous and deadly weapon and larceny, also arising out of the December 7 incident.

As a result of plea negotiations with the State, appellant offered a plea of guilty to the assault charge in return for the State's agreement to *nol pros* the other two charges if the plea would be accepted by the court. As part of the bargain the State also agreed to make no recommendation as to the sentence to be imposed. The plea was accepted and the appellant was sentenced to 8 years imprisonment.

Appellant's sole contention for reversal is that "the record does not affirmatively show that appellant voluntarily and intelligently waived his privilege against compulsory self-incrimination when he entered his plea of guilty."

Prior to the recent decision of the Court of Appeals in *Davis v. State*, 278 Md. 103 (1976), we would have had no difficulty in agreeing with this contention, for we had interpreted *Boykin v. Alabama*, 395 U. S. 238 (1969), as a holding by the Supreme Court that the due process clause of the Fourteenth Amendment requires state trial judges to specifically inform defendants of the essential elements of their privilege against compulsory self-incrimination before accepting their guilty pleas. *See English v. State*, 16 Md. App. 439, *cert.* granted, 268 Md. 748 (1973), *cert.* dismissed as improvidently granted, July 3, 1973; *Williams v. State*, 10 Md. App. 570 (1970), *cert.* denied, 261 Md. 730 (1971); *McCall v. State*, 9 Md. App. 191, *cert.* denied, 258 Md. 729 (1970); *Silverberg v. Warden*, 7 Md. App. 657 (1969).

In *Davis v. State*, 28 Md. App. 50, 58 (1975), we modified our prior holdings that strict compliance with *Boykin* was required, by holding that "substantial compliance" was sufficient where the "constitutional privilege against self-incrimination has been adequately identified and verbalized in non-technical language". In *Davis*, the appellant had been informed that "if you plead not guilty you would not have to take the witness stand in your own defense unless you desired to do so, and if you did not take the stand the prosecuting attorney may not comment or

make reference to your failure to testify." *Id.* at 53. Speaking for this Court, Judge Moore said, at 58:

"In the instant appeal, the appellant was advised by the court accepting his plea that (a) he would not have to take the witness stand unless he desired to do so and (b) if he did not take the stand 'the prosecuting attorney may not comment or make reference to your failure to testify.' In addition, he was told that at a trial he would be presumed innocent until proven guilty beyond a reasonable doubt. The substantial effect of these latter statements was, we think, the fair equivalent of advice to the appellant that no inference as to his guilt could be made on the basis of his failure to testify. *In other words, we consider that substantial compliance with the requirements of Boykin, as previously interpreted by this Court, was achieved.* We do consider it preferable that the trial judge inform the defendant not only that his failure to testify may not be used as a basis for comment against him but also that it may not be used as an inference to be weighed on the issue of guilt. *Failure to do so, however, does not constitute reversible error where, as here, the constitutional privilege against self-incrimination has been adequately identified and verbalized in non-technical language."* (Emphasis added.)

In the present case, at the request of the trial judge, appellant's trial counsel explained to appellant that he had "certain rights with reference to these charges against you". So far as the record is concerned, the only reference remotely related to the privilege against self-incrimination is contained in the following question and answer:

"MR. KATZEN: That by taking a plea of guilty to the assault you are — this is the highest form of self-incrimination, that you are telling the State

there is nothing else to be done by the State, except the disposition or sentencing by the judge.

THE DEFENDANT: Yes, sir."

We think the question and answer merely reflected the appellant's understanding that by pleading guilty he was confessing to the assault charge and no further evidence was required of the State; all that remained was for the judge to impose sentence. Such an understanding is unrelated to appellant's privilege against self-incrimination in a contested case. The question and answer did not even substantially comply with the requirement of our prior cases in that the constitutional privilege against self-incrimination was "not adequately identified and verbalized" even in "non-technical language". *Davis v. State*, 28 Md. App. 50, 58 (1975).

As indicated, the Court of Appeals granted *Certiorari* in *Davis* and on July 7, 1976, affirmed our judgment, *Davis v. State*, 278 Md. 103. In doing so, however, Judge Digges, speaking for five members of that court, did not base the affirmance on any finding that there had been "substantial compliance" with what we had supposed to be the requirement of *Boykin* regarding acceptance of a guilty plea, i.e., that acceptance of a guilty plea is not effective unless the record affirmatively shows that the accused understood and waived: 1) the privilege against compulsory self-incrimination, 2) the right to trial by jury, and 3) the right to confront his accusers. Rather, the acceptance of the plea was upheld in *Davis* because *"the record taken as a whole affirmatively discloses that the petitioner's plea was, as found by the trial judge, voluntary and intelligent". Id.* at 118. The Court made it clear that, contrary to our prior holdings, *"Boykin* does not require specific reference to and waiver of the three rights" there enumerated before a guilty plea may be effectively accepted by the trial court. "In order to determine whether there had been compliance with the applicable standard, courts usually looked to the totality of the circumstances as reflected in the entire record". *Id.* at 109. The "applicable standard" referred to by the Court is simply *"that the voluntary and intelligent nature of guilty*

*pleas need be clearly established in the trial court before they are accepted". Id.* at 108-109. Whether that standard has been met in the case *sub judice* depends upon our independent review of the record.

Even by the less strict standard announced by the Court of Appeals in *Davis*, we cannot find that the voluntariness of appellant's plea was "clearly established" by the record. No questions were asked of him by the trial judge or his counsel as to whether his plea was in fact voluntary; no information was elicited from him as to whether, aside from the "plea bargain", his plea was the result of any improper promises, threats, or inducements; nor did the trial judge, either before or after accepting the plea, make a finding that it was either voluntarily or intelligently entered.

We therefore hold that what we now perceive to be the applicable standard for the acceptance of guilty pleas has not been met. *Davis v. State,* 278 Md. 103 (1976).

*Judgment reversed; case remanded for new trial.*